# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-611-RJC-DCK

| | |
|---|---|
| WILBERT, INC, | )<br>) |
|     Plaintiff, | )<br>) |
| v. | )    **MEMORANDUM AND**<br>)    **RECOMMENDATION** |
| UNITED STATES LIABLITY<br>INSURANCE COMPANY, | )<br>)<br>) |
|     Defendant / Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| US-Reports, Inc., | )<br>) |
|     Third-Party Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant United States Liability Insurance Company's Motion To Strike Pursuant To Rule 12(f)" (Document No. 9). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Wilbert, Inc. ("Plaintiff" or "Wilbert") filed a "Verified Complaint…" (Document No. 1-2) (the "Complaint") against property insurance company United States Liability Insurance Company ("Defendant" or "USLI") in the Superior Court of Gaston County, North Carolina, on or about October 10, 2014. The Complaint asserts claims for: breach of insurance contract; unfair claim settlement practices; unfair and deceptive trade practices; breach of the covenant of good faith and fair dealing; insurance bad faith; and equitable estoppel. (Document No. 1-2, p.1). An

"Amendment To Complaint…" (Document No. 1-3) (the "Amendment") was filed on or about October 15, 2014.

This action arises from a coverage dispute under an insurance policy issued by Defendant to Plaintiff for a vacant commercial building in St. Matthews, South Carolina. (Document No. 9-1, p.1). The St. Matthews Facility owned by Plaintiff suffered a water loss in January 2014, and Defendant denies that there is coverage for the loss under the Policy it issued to Plaintiff. Id.

"Defendant United States Liability Insurance Company's Notice Of Removal" (Document No. 1) was filed with this Court on November 3, 2014. On December 1, 2014, Defendant filed its pending "…Motion to Strike Pursuant to Rule 12 (f)" (Document No. 9). The "…Motion To Strike…" was referred to the undersigned on June 4, 2015.

The pending motion has been fully briefed and is ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 12(f), a court on its own or on a motion made by a party "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).

> [T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . . Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). But despite this beneficial purpose, such motions "are viewed with disfavor and are infrequently granted." Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977).

Buser v. Southern Food Serv., 73 F.Supp.2d 556, 559 (M.D.N.C. 1999).

Regarding motions to strike, this Court has specifically observed that

> Although courts have broad discretion in disposing of motions to strike, such motions are generally viewed with disfavor "because

> striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal citation omitted); see also Brown v. Inst. for Family Centered Servs., Inc., 394 F.Supp.2d 724, 727 (M.D.N.C. 2005) ("Motions to strike are viewed with disfavor and are granted only for egregious violations. Thus, before a motion to strike will be granted, the allegations must be the type envisioned by the rule and prejudicial."). "[A]s far as motions to strike pleadings on the basis of immateriality are concerned, a 'matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation.'" N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C., 200 F.Supp.2d 551, 554 (E.D.N.C. 2001) (quoting Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958)). "A motion to strike places a sizable burden on the movant, and would typically require a showing that denial of the motion would prejudice the movant." Miller v. Rutherford Cnty., No. 1:08cv441, 2008 WL 5392057, at *4 (W.D.N.C. Dec. 19, 2008) (Thornburg, L.) (internal quotation marks and citations omitted).

Adolphe v. Option One Mortg. Corp., 3:11-cv-418-RJC, 2012 WL 3204009, at *1 (W.D.N.C. Aug. 6, 2012).

### III. DISCUSSION

By the instant motion, Defendant requests that the Court strike: a boldfaced heading; fourteen (14) specific paragraphs; and

> [a]ny other citations, references, allegations, and/or arguments or in the pleadings based on unpublished authorities from other jurisdictions, including without limitation Five Star Hotels, LLC v. Ins. Co. of Greater New York, 2011 U.S. dist. LEXIS 31313, 2011 WL 1216022 (S.D.N.Y. 2011) and Breton, LLC v. Graphic Arts Mut. Ins. Co., 2009 WL 3762302 (E.D.Va. 2009).

(Document No. 9, p.1). Defendant alleges that "Wilbert has improperly cited two unpublished opinions from other jurisdictions which interpret the laws of other states." (Document No. 9-1, p.3). Defendant concludes that these citations are "immaterial and impertinent, misleading to the Court, and prejudicial to USLI." Id.

3

Defendant notes that Rule 32.1 of the Federal Rules of Appellate Procedure prohibits any limits on citation to federal judicial opinions on or after January 1, 2007.[1] (Document No. 9-1, p.4). Nevertheless, Defendant argues that Rule 30(e) of the North Carolina Rules of Appellate Procedure provides a basis for striking references to unpublished opinions because it "makes clear that citation to unpublished authority is disfavored, and only permissible under certain circumstances." (Document No. 9-1, pp.4-5). Defendant does not cite any other authority, published or unpublished, in support of its motion, and offers little, if any, explanation for how Plaintiff's citation to two (2) cases in the Complaint is immaterial, impertinent, misleading and/or prejudicial.

Plaintiff's response notes that the parties agree that North Carolina law applies to the coverage issues here, and contends that the coverage issues present a case of first impression in North Carolina. (Document No. 13, p.7). Plaintiff then explains "[s]ince this is a case of first impression for North Carolina, Plaintiff's counsel cited the closest cases she could find regarding the disputed insurance coverage issues." Id. (citations omitted).

Defendant's reply raises a new theory that making an argument on the basis of unpublished decisions is "misplaced in an initial pleading under Rule 8 of the North Carolina Rules of Civil Procedure and the Federal Rules of Civil Procedure." (Document No. 17, p.5). However, Defendant does not cite any specific language in either set of rules addressing this issue, nor does Defendant identify any caselaw supporting this new theory. Id.

Defendant has acknowledged that motions to strike are "generally viewed with disfavor" and are a "drastic remedy." (Document No. 9-1, p.2). Despite the high bar for such motions, Defendant fails to cite *any* case law suggesting that the requested relief is appropriate, and fails to

---

[1] The decisions Defendants complains of were issued in 2011 and 2009.

effectively describe how it is prejudiced by the citations in the Complaint. Moreover, the undersigned is not persuaded that the appellate rules Plaintiff relies upon are applicable to an initial pleading, nor do the North Carolina or Federal Rules of Civil Procedure appear to preclude the challenged citations.

To the extent Defendant is concerned that the Court might somehow be misled by the Complaint, the undersigned notes that the Court is capable of reading the citations in the Complaint and determining whether the cited cases are published or unpublished, and from what court they issued. At an appropriate time, the Court can decide what weight to give the cited cases and whether or not they can be referenced as evidence at trial.

In short, the undersigned finds that Defendant's motion is without merit.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant United States Liability Insurance Company's Motion To Strike Pursuant To Rule 12(f)" (Document No. 9) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond,

416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **IT IS SO RECOMMENDED**.

Signed: September 3, 2015

*[signature]*

David C. Keesler
United States Magistrate Judge